Kristin Zilbertstein, Esq. (SBN 20041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. LaPalma Ave., Suite 206
Anaheim, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
kzilbertstein@ghidottilaw.com

Attorney for Movant
U.S. Bank Trust N.A. as Trustee of the
Igloo Series III Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Kent Brian Zilliox,<br><br>    Debtor. | CASE NO.: 13-54453<br><br>CHAPTER 13<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: September 5, 2018<br>TIME: 11:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>    1000 South Main St., Ste. 214<br>    Salinas, CA 93901<br><br>Honorable Hannah L. Blumenstiel |

COMES NOW U.S. Bank Trust N.A. as Trustee of the Igloo Series III Trust, ("**Movant**") and submits the following in support of its Motion for Relief From Stay.

/ / /

## I.

## INTRODUCTION

U.S. Bank Trust N.A. as Trustee of the Igloo Series III Trust ("**Movant**"), submits this Motion for Relief From Stay ("**Motion**") pursuant to *11 U.S.C. Section 362(d)(1)* for authority to exercise any and all of its rights and remedies under its loan documents and applicable law in connection with real property commonly known as 4A Buena Vista Del Rio, Carmel Valley, CA 93924 (the "**Property**").

The Debtor Kent Brian Zilliox (the "**Debtor**") filed a Chapter 13 Petition on August 19, 2013. Movant seeks relief from stay pursuant to 11 U.S.C. *Section* 362(d)(1) because Movant is not adequately protected due to the contractual default under its loan. Movant's loan is due for the July 15, 2017 payment and all subsequent post-petition monthly mortgage payments.

## II.

## STATEMENT OF FACTS

Debtor executed and delivered to Golden West Savings Association Service Co., a Note, dated December 3, 2007, with an original principal balance of $774,400.00 (the "**Note**"). Concurrently therewith, and as security for the Note, Debtor executed and delivered to Golden West Savings Association Service Co., a Deed of Trust which was recorded in the Official Records of Monterey County, California as Document No.: 2007090124 (the "**Deed of Trust**"), and which encumbers the Property. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust to Movant.

Movant is the current beneficiary of the Deed of Trust. Pursuant to the Deed of Trust, Movant is entitled to recover attorneys' fees and Costs in connection with the matter herein.

Pursuant to the Deed of Trust, Movant is entitled to take the necessary steps to protect its security interest in the Property, including advancing taxes, insurance, foreclosure fees and costs and attorney's fees and costs and to assess the costs plus interest, to the balance due under the loan.

The Debtors are post-petition due for thirteen (13) monthly mortgage payments as follows:

| | | |
|---|---|---|
| 07/15/2017-08/15/17 | 2 Payments @ $4,615.88 | = $9,231.76 |
| 09/15/17-01/15/18 | 5 Payments @ $4,620.21 | = $23,101.05 |
| 02/15/2018-07/15/18 | 6 Payments @ $4,709.70 | = $28,258.20 |
| 01/01/2018 | Attorney fees and costs | = $1,081.00 |
| Total Default | | = $61,672.01 |

Based on the foregoing, Movant seeks relief from stay under 11 U.S.C. *Section 362(d)(1)* to proceed with its non-bankruptcy remedies including, but not limited to, foreclosure upon, obtaining possession of and selling the Property.

## III.

## DISCUSSION

### A. Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

### a) DEBTOR HAS FAILED TO TENDER NORMAL AND PERIODIC CASH PAYMENTS:

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. Movant has not received the post-petition contractually agreed upon monthly payments since July 15, 2017. Movant has not received

thirteen (13) post-petition payments.  A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.*, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing *In re Hinkle*, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also *In re Jones*, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing *Hinkle*, 14 BR at 204)).  The failure to tender any mortgage payments is sufficient cause to terminate the automatic stay. As a result, Movant is not adequately protected. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).  Based on the foregoing, cause exists to grant Movant's request to terminate the automatic stay.

## IV.

## CONCLUSION

Cause exists to grant relief under Section 362(d)(1) as Movant is not adequately protected.   Debtor is post-petition due for the July 15, 2017 regular payment and all payments going forward.  Based on the foregoing, Movant requests that the Court grant the Motion authorizing Movant to exercise its rights and remedies under applicable law and the loan documents with respect to the Property and all related assets as identified in the Deed of Trust; that Movant be awarded its attorney's fees and costs and that the Court waive the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3); and for such other and further relief as the Court deems just and proper.

Dated: 07/25/2018                               LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin Zilbertsein
Kristin Zilbertsein, Esq.
Attorney for Movant, U.S. Bank Trust N.A. as
Trustee of the Igloo Series III Trust